May it please the Court, I'm Elizabeth Fisher appearing on behalf of Petitioner Scott Algafa. In this case, the government's argument is that Defendant's Sixth Amendment right to counsel and his Fifth Amendment rights to due process were not denied by the District Court since, after two evidentiary hearings had been held, an attorney was finally represented to represent him at the third hearing. Counsel argues that Appellant's reliance on Vasquez was misplaced because Vasquez was never appointed counsel. Also, the same was true in Green, Iasiello, Rauter, and Shepard. No attorney was ever appointed. This argument ignores Barnes' D.C. case from 1980, which said that the Court considered the second hearing where the defendant did have an attorney an extension of the first hearing without an attorney, and that he was entitled to a de novo hearing, which meant in that case, and in this case, I believe, that he was entitled to a hearing as if the first hearings had never occurred. The big difference between Barnes' and this case, however, is that there, the trial judge had effectively ruled before counsel was appointed. Here, there wasn't any ruling, and the third go-around effectively repeated everything that had gone on before. The key witnesses testified again, the exhibits were resubmitted, and the third hearing alone has just about everything one needs. Well, Wendy, I agree that those are the different facts in this case. However, when the Court did rule finally, she did consider all of the evidence from all of the hearings, and it is our argument that it's the duty of appointed counsel to assist the Court, not only in presenting the facts that the pro se defendant was able to cobble together before the Court, but to also have a chance to investigate the record a little bit more thoroughly. There is another case, I believe, I'm not quite sure which one it was, that says, maybe it was Barnes, that said that using any of the evidence, for instance, taken at the unrepresented hearing for impeachment purposes, for instance, also tainted the second hearing. Was there any objection to the procedure? In other words, was there an offer of proof that was rejected at the third hearing? Or, in other words, the judge had everything before it. Was there some problem brought to the judge's attention about the way things were going? No, Your Honor. However, another case does say that it's unreasonable to have finally appointed counsel make those kinds of objections in order to preserve the right to counsel when it kind of goes back to the harmless error argument, which tried to get around that argument by saying that he wasn't shown any prejudice. And in this case, I don't think that we can speculate as to what an attorney who was appointed from the very beginning would have had the opportunity to present at the first, second, or third hearing if he'd had the opportunity. So I think that the government's argument, and maybe what you're suggesting is just trying to get back into the harmless error review. Well, it seems to me that, ordinarily, if there's something going on in front of a trial judge that is wrong, it's the obligation of counsel to bring it to the judge's attention so it can be corrected. And if that's not done, ordinarily it's waived, because that's the time to approach those kinds of problems. And if there was no objection here to the way the process was going, it seems to me maybe those objections are waived. In a Tenth Circuit case, it was U.S. v. Leopard, the court said, to appoint counsel now to strike this as a peculiar, if not paradoxical, implementation of the right to representation. It is far better to actually afford a defendant the representation to which he is constitutionally and statutorily titled from the beginning. So it's your view, then, that the way to correct this is to vacate everything that's happened and go back and have another hearing? Have another evidentiary hearing. To do what? Which is truly... To do what? Truly de novo, to consider... But wasn't it de novo in the sense that here any of the lawyers could have put on anything they wanted? The judge didn't restrict anything that went in the record, did they? That is perhaps true, Your Honor. However, what we consider de novo to mean is that it is as if nothing before happened. In this case, people were just resubmitting what had been resubmitted. Well, that's entirely true. Exhibits were resubmitted, but the examination and cross-examination was fresh. In the best of all possible worlds, none of the answers, responses, or anything else would have been considered. We're not saying that the judge erroneously considered the case or erroneously considered something that she heard before, but we really can't speculate. It's true, but if it's all supported by the third hearing, then it's all supported by the third hearing, isn't it? Our argument is that the third hearing was tainted by the fact that there were two prior hearings. May I ask your view on another point? Here, the hearing itself is a case of the hearing itself was with respect to the ineffective assistance of counsel in connection with misadvising about cooperation to get the safety valve. I'm not sure whether it was about cooperation, but whether About the safety valve. About the safety valve, yes, definitely. Now, the district court held that the harassment conviction was properly counted, and if the harassment conviction were properly counted, that means that the safety valve is unavailable  and the holding with respect to the conviction is not certified and isn't appealed. So my question is, why is the Sixth Amendment issue that we've been talking about even ripe? Excuse me, you mean that the district court in the 2255 proceeding ruled that the harassment conviction was properly counted? That's not appealed, and it's not certified. So assuming that the harassment conviction was properly counted, the safety valve is unavailable because it's two convictions. So what, putting it differently, what difference does it make whether counsel was or wasn't ineffective with respect to what he may have advised or may not have advised with respect to availability of the safety valve? Because they weren't going to get it no matter what, and that was a legal decision. I think that the major problem with this particular case is that there were so many filings back and forth, including notices of appeal, requests for COAs before counsel was appointed, and some of these appeals did go up to the Ninth Circuit and were denied, that there was so much piecemeal attack on the general denial of his 2255 that it's hard for me to tell. Step back from that just a second, and just focus on the logic that I'm suggesting. If the harassment conviction is valid, then the safety valve is unavailable. So what difference does it make whether counsel was ineffective or not in the advice that he gave with respect to the safety valve? I'd like to answer this in a little bit different way. If I had been his attorney at the time that he was applying for a COA notice of appeal, I would have tried to make sure that that particular issue was part of the Sixth Amendment right to counsel argument, and because at various times he wasn't represented by counsel, that argument was not made. And I believe that by perhaps raising it and having it denied by itself without this Sixth Amendment issue, just the posture of the case, the way things were presented, it just slipped through the cracks. Okay, let's hear from, who's next? May it please the Court, Tom Miller from the United States, good morning. Your Honor, the government's position is simply this, that while the initial two hearings on the 2255 did not erroneously give the petitioner an opportunity to have counsel speak for him to present his case, the magistrate judge realized the mistake, appointed counsel at the end of August, that counsel had the opportunity in September to prepare, and the further hearings were conducted in October, where exactly the same material was presented without the Court having ruled the defendant has a right to cross-examine Ms. Brawley, his counsel. She appeared in the initial hearings in July. She reappeared. The questions were, her testimony was the same. The exact same exhibits were presented. Petitioner's counsel then, Mr. Hashi, had an opportunity to cross-examine, to submit evidence, to make argument, to put the defendant on the stand. There's nothing new in this case. The defendant was given just another bite at the apple, this time with counsel. The Court made her recommended findings and recommendations, which were fully supported in the record of October 5th. There was very, basically nothing was new. There was a mistake made, but then counsel's, excuse me, were followed, were given, and in his objections that he makes, pro se, which were not considered by Judge Gilmour, and Mr. Takahashi's objections to the proposed, or the findings and recommendations, they had no objection. Their objections were on the legal decisions or recommendations made by the magistrate in talking about the petty misdemeanor conviction. And when Judge Gilmour had the de novo review, they had the opportunity, under Title 28-6636, I think it is, to present, or ask to present more evidence. They did not do that either. What would be the remedy here? What would we do? Would we give the defendant, the petitioner, another hearing, which he still hasn't told us what he would present, what new there would be? Are different from this situation. And that's our bottom line. Questions, Your Honor? I think not. Well, thank you. Anything that he said that elicits a response? All right. Thank you for your argument, counsel. The matter just argued will be submitted. And we'll turn now to the United States Attorney General, Judge Gilmour.
judges: Goodwin, Rymer, Tg Nelson